UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR,

       Plaintiff,

                                    Case No. 16-cv-14221

v.

                                    HON. MARK A. GOLDSMITH

MICHIGAN DEPARTMENT OF
CORRECTIONS MENTAL HEALTH
SERVICES, et al.,

       Defendants.
_____/

**OPINION AND ORDER
DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY
DISMISSING THE COMPLAINT**

Plaintiff Richmond Brown Taylor, a state prisoner at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, recently filed a pro se complaint and request for appointment of counsel and a psychiatric evaluation (Dkt. 1)  Defendants in this case are: (i) the Mental Health Services division of the Michigan Department of Corrections; (ii) Jodi Deangelo, Warden at the Woodland Center Correctional Facility; (iii) Heidi Washington, Director of the Michigan Department of Corrections; and (iv) Rick Snyder, Governor of Michigan.  Plaintiff alleges in his complaint that, on October 20, 2016, he was forced to pack his property and go to a mental hospital without any notice or an opportunity to challenge the action.  Plaintiff further alleges that Defendants have threatened to administer psychotropic medication to him, and they have prevented him from filing any complaints against prison officials.  Plaintiff seeks money damages and a court order directing Deangelo to stop psychiatrists from administering psychotropic medication to him.  For the reasons given below, the Court summarily dismisses the complaint.

1

## I. STANDARD OF DECISION

Plaintiff did not submit the filing fee for this action with his complaint, and he claims that he should not be required to do so because he is in imminent danger. A federal litigant who is unable to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). Nevertheless,

> a special "three strikes" provision prevents a court from affording in forma pauperis status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . ., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Id. (quoting 28 U.S.C. § 1915(g)).

An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." Vandiver v. Vasbinder, 416 F. App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (quoting Rittner v. Kinder, 290 F. App'x 796, 797 (6th Cir. 2008)). Further,

> [i]n addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)."

Id.

## II. ANALYSIS

2

More than three of Plaintiff's previous complaints have been dismissed as frivolous or for failure to state a claim. See Taylor v. Sampson, et al., No. 1:08-cv-00556 (W.D. Mich. July 25, 2008); Taylor v. Roberts, et al., No. 2:06-cv-10846 (E.D. Mich. Mar. 20, 2006); Taylor v. Theodore Levin U.S. Courthouse, et al., No. 2:06-cv-10073 (E.D. Mich. Feb. 7, 2006); Taylor v. Yates, No. 2:05-cv-74696 (E.D. Mich. Feb. 8, 2006). In still another case, a judge notified Plaintiff that he was precluded from proceeding in forma pauperis because he has "three strikes." Taylor v. United States of America, et al., No. 2:13-cv-00128 (W.D. Mich. Apr. 30, 2013). And in 2006, United States District Judge Patrick J. Duggan ordered Plaintiff to seek leave of court before filing any new cases in this District. See Taylor v. Ku Klux Klan, et al., No. 2:06-11623 (E.D. Mich. Apr. 7, 2006).

Plaintiff invokes the "imminent danger" exception to the "three strikes" rule, claiming that he was illegally admitted to a mental health hospital and that officials intend to inject him with psychotropic medication. But "forced administration of medication does not necessarily create an imminent danger of serious physical injury." Holbach v. North Dakota, et al., No. 3:13-cv-38, 2014 WL 295153, at *2 (D. N.D. Jan. 24, 2014) (collecting cases).

Here, Plaintiff has not identified the medication that the defendants intend to administer. He also has not said what the side effects of the medication are, and he has not alleged that the medication will be administered without a court order. Cf. Holbach, 2014 WL 295153, at *3. His conclusory allegations, without any facts, details, or supporting documentation, fail to demonstrate that he is in imminent danger of serious injury.

### III. CONCLUSION

Plaintiff has not prepaid the filing fee for this action, and even though he seeks leave to proceed without payment of the filing fee, he has "three strikes" and he is not eligible to proceed

3

without prepayment of the filing fee under the "imminent danger" exception to the "three strikes" rule. He also has not complied with Judge Duggan's order to seek leave of the Court before filing any complaints.

Accordingly, the Court denies Plaintiff's request to proceed in forma pauperis and summarily dismisses the complaint (Dkt. 1) without prejudice. The Court denies Plaintiff's requests for appointment of counsel and a psychiatric evaluation as moot. Finally, the Court certifies that an appeal from this order would be frivolous. Plaintiff may not appeal this decision without prepayment of the appellate filing fee.

SO ORDERED.

Dated: December 19, 2016          s/Mark A. Goldsmith
    Detroit, Michigan         MARK A. GOLDSMITH
        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2016.

        s/Karri Sandusky
        Case Manager