UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS MENTAL HEALTH
SERVICES, et al.,

    Defendants.
_____/

Case No. 16-cv-14221

HON. MARK A. GOLDSMITH

## OPINION AND ORDER
## REJECTING PLAINTIFF'S OBJECTIONS AND
## DENYING HIS REQUEST FOR RECONSIDERATION (Dkt. 5)

On November 28, 2016, plaintiff Richmond Brown Taylor, a state prisoner at the Handlon Correctional Facility in Ionia, Michigan,[1] filed a pro se complaint and request for appointment of counsel and a psychiatric evaluation. (Dkt. 1)  At the time, Plaintiff was confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan.  The defendants in this case were: (i) the Mental Health Services division of the Michigan Department of Corrections; (ii) Jodi Deangelo, Warden at the Woodland Center Correctional Facility; (iii) Heidi Washington, Director of the Michigan Department of Corrections; and (iv) Rick Snyder, Governor of Michigan.

Plaintiff alleged in his complaint that, on October 20, 2016, he was forced to pack his property and go to a mental hospital without any notice or an opportunity to challenge the transfer. Plaintiff further alleged that Defendants had threatened to administer psychotropic medication to

---

[1] See http://mdocweb.state.mi.us/OTIS2/otis2.aspx?mdocNumber=224931.

him and that they had prevented him from filing any complaints against prison officials. Plaintiff sought money damages and a court order directing Deangelo to stop psychiatrists from administering psychotropic medication to him. Plaintiff did not submit the filing fee for his complaint, and he claimed that he should not be required to do so because he was in imminent danger.

On December 19, 2016, the Court entered an order that denied Plaintiff permission to proceed in forma pauperis and dismissed his complaint under the "three strikes" provision of 28 U.S.C. § 1915(g). Section 1915(g) states that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff invoked the "imminent danger" exception to the "three strikes" rule, claiming that mental health professionals intended to administer psychotropic medication to him, the Court concluded that Plaintiff had failed to demonstrate he was in imminent danger of serious injury. Now before the Court are Plaintiff's objections to the Court's opinion and order denying him permission to proceed in forma pauperis and dismissing his complaint.

Pursuant to Local Rule 7.1(h), the Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Rather, a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) "that correcting the defect will result in a different disposition of the case." Id. A "palpable defect"

is an error that is "obvious, clear, unmistakable, manifest or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Plaintiff raises a number of objections to the Court's dismissal of his complaint and failure to allow him to proceed in forma pauperis. Among other things, he claims that he was falsely convicted in 1992 and that the Court is deceitful, unreasonable, and hiding behind federal laws. Objections, pages 2-4 (Dkt. 5). He further alleges that twenty-four years of having his civil rights violated have undermined his confidence in court orders, judgments, and prior verdicts. Id., page 3.

More to the point, Plaintiff alleges that his prior cases were wrongly decided and that there is no evidence he failed to win any of his prior cases. Id., page 5. In its previous order, however, the Court listed four of Plaintiff's prior cases that were dismissed as frivolous or for failure to state a claim,[2] and Plaintiff has not explained how his prior cases were wrongly decided. Furthermore,

> Section 1915(g) does not direct courts to review the merits of a prior dismissal, to ask whether the case would have been addressed by them in a different manner, or whether subsequent case law might lead to a different result were the case to be filed today. Rather, "all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done." Thompson v. Drug Enforcement Admin., 492 F.3d 428, 438-39 (D.C. Cir. 2007) ("Finally, it bears repeating that IFP motions present no occasion for relitigating final judgments."); see also Jones v. Moorjani, No. 13 CIV. 2247, 2013 WL 6569703, at *8 n.16 (S.D.N.Y. Dec. 13, 2013), report and recommendation adopted, No. 13 CIV. 2247,

---

[2] See Taylor v. Sampson, et al., No. 1:08-cv-00556 (W.D. Mich. July 25, 2008); Taylor v. Roberts, et al., No. 2:06-cv-10846 (E.D. Mich. Mar. 20, 2006); Taylor v. Theodore Levin U.S. Courthouse, et al., No. 2:06-cv-10073 (E.D. Mich. Feb. 7, 2006); Taylor v. Yates, No. 2:05-cv-74696 (E.D. Mich. Feb. 8, 2006). In still another case, a judge notified Plaintiff that he was precluded from proceeding in forma pauperis because he had "three strikes." See Taylor v. United States of America, et al., No. 2:13-cv-00128 (W.D. Mich. Apr. 30, 2013). And in 2006, former United States District Judge Patrick J. Duggan ordered Plaintiff to seek leave of court before filing any new cases in this District. See Taylor v. Ku Klux Klan, et al., No. 2:06-11623 (E.D. Mich. Apr. 7, 2006).

2014 WL 351628 (S.D.N.Y. Jan. 31, 2014) (citing Thompson). Walker v. Cuomo, No. 9:17-CV-0650, 2017 WL 3475061, at *3 (N.D. N.Y. Aug. 11, 2017) (unpublished).

Plaintiff also alleges that psychotropic drugs are dangerous and that the Court does not care whether he lives or dies. But, as the Court pointed out in its previous order, "forced administration of medication does not necessarily create an imminent danger of serious physical injury." Holbach v. North Dakata, et al., No. 3:13-cv-38, 2014 WL 295153, at *2 (D. N.D. Jan. 24, 2014)(unpublished). Plaintiff's conclusory allegations, without any facts, details, or supporting documentation, fail to demonstrate that he was in imminent danger of serious injury when he filed his complaint.

Accordingly, the Court rejects Plaintiff's objections and denies his request for reconsideration of the Court's previous order dismissing his complaint and denying him permission to proceed in forma pauperis. (Dkt. 5).

SO ORDERED.

Dated: December 27, 2017  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 27, 2017.

s/Karri Sandusky  
Case Manager