UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR,

    Plaintiff,

v.

Case No. 16-cv-14221

HON. MARK A. GOLDSMITH

MICHIGAN DEPARTMENT OF
CORRECTIONS MENTAL HEALTH
SERVICES, et al.,

    Defendants.

_____/

# OPINION & ORDER
## REJECTING PLAINTIFF'S OBJECTIONS (Dkt. 7) TO THE COURT'S PRIOR ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING THE COMPLAINT

On November 28, 2016, Plaintiff Richmond Brown Taylor filed a pro se complaint, which included a request for appointment of counsel and a psychiatric evaluation (Dkt. 1). At the time, Taylor was confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. He is currently confined at the Handlon Correctional Facility in Ionia, Michigan.[1] The defendants are: (i) the Mental Health Services division of the Michigan Department of Corrections; (ii) Jodi Deangelo, Warden at the Woodland Center Correctional Facility; (iii) Heidi Washington, Director of the Michigan Department of Corrections; and (iv) Rick Snyder, Governor of Michigan.

Taylor alleged in his complaint that, on October 20, 2016, he was forced to pack his property and go to a mental hospital. He claimed that he was not mentally ill at the time and that he was not given notice or an opportunity to challenge the administration of medication. Taylor

---

[1] See http://mdocweb.state.mi.us/OTIS2/otis2.aspx?mdocNumber=224931.

1

sought money damages and a court order preventing psychiatrists from administering psychotropic medication to him. Taylor did not submit the filing fee for his complaint, and he claimed that he should not be required to do so because he was in imminent danger.

On December 19, 2016, the Court denied Taylor permission to proceed in forma pauperis and summarily dismissed his complaint under the "three strikes" provision of 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Taylor invoked the "imminent danger" exception to the "three strikes" rule on the basis that mental health professionals intended to administer psychotropic medication to him, the Court determined that Taylor was not in imminent danger of serious physical injury (Dkt. 3).

Taylor filed an objection to the Court's opinion and order of dismissal (Dkt. 5), but the Court rejected his objections and denied his request for reconsideration (Dkt. 6). Now before the Court is Taylor's second objection to the order denying him permission to proceed in forma pauperis and dismissing his complaint (Dkt. 7).

Pursuant to this District's Local Rules, the Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Rather, a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) "that correcting the defect will result in a different disposition of the case." Id. A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Taylor raises three objections to the Court's dismissal of his complaint and denial of his request to proceed in forma pauperis. First, Taylor alleges that he was injected with antipsychotic medication and that the medication has blurred his vision. The blurred vision apparently is a side effect of the medication, and, without more, it does not constitute "imminent danger of serious physical harm" under § 1915(g). Cf. Bradford v. Marchak, 667 F. App'x 616, 617 (9th Cir. 2016) (concluding that the pro se prisoner "plausibly alleged 'imminent danger of serious physical injury' [under § 1915(g)] given his allegations of chest pain, dizziness, blurred vision and headaches from ongoing involuntary psychotropic medication"). The Court therefore declines to grant reconsideration on the basis of Taylor's first objection.

Next, Taylor alleges that he was arrested without probable cause, is falsely imprisoned, and is innocent of the crime for which he is incarcerated. Whether Taylor was falsely arrested and convicted, however, is irrelevant to whether he is in "imminent danger of serious physical injury" under § 1915(g). Further, the sole federal remedy for a state prisoner's challenge to the very fact or duration of his physical imprisonment is a petition for the writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, Taylor's challenge to his arrest and conviction is inappropriate in this civil rights case.

Finally, Taylor contends that federal courts misconstrued his civil cases when they summarily dismissed his prior cases as frivolous or for failure to state a claim for which relief may be granted. In other words, according to him, his prior cases were wrongly decided. However,

> Section 1915(g) does not direct courts to review the merits of a prior dismissal, to ask whether the case would have been addressed by them in a different manner, or whether subsequent case law might lead to a different result were the case to be filed today. Rather, "all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done." Thompson v. Drug Enforcement Admin., 492 F.3d 428, 438-39 (D.C. Cir. 2007) ("Finally, it bears repeating that IFP motions present no occasion for relitigating final judgments."); see also Jones v. Moorjani, No. 13 CIV. 2247, 2013 WL 6569703, at *8 n.16

(S.D.N.Y. Dec. 13, 2013), report and recommendation adopted, No. 13 CIV. 2247, 2014 WL 351628 (S.D.N.Y. Jan. 31, 2014) (citing Thompson).

Walker v. Cuomo, No. 9:17-CV-0650, 2017 WL 3475061, at *3 (N.D. N.Y. Aug. 11, 2017).

To conclude, Taylor has failed to show that the Court made a palpable error when it declined to permit him to proceed in forma pauperis and then summarily dismissed his case for failure to prepay the filing fee. Accordingly, the Court rejects Taylor's objections and denies his request for reconsideration (Dkt. 7).

The Court takes this opportunity to remind Taylor that it is his responsibility to keep the Court informed of his current address. See Dkt. 2. Because he has never notified the Clerk of the Court that he is confined at the Handlon Correctional Facility in Ionia, Michigan, he risks not receiving mail from the Court.

SO ORDERED.

Dated: May 29, 2018  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2018.

s/Karri Sandusky  
Case Manager